UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-337 |
| | : | |
| **DERRICK EVANS,** | : | |
| | : | |
| **Defendant.** | : | |

**CONSENT MOTION TO VACATE, CONTINUE, AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court vacate the November 10, 2021 status hearing scheduled in the above-captioned matter, for a 90-day continuance of the above-captioned matter, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

As detailed in the four discovery status reports filed by the government (dated July 13, August 30, September 17, and October 25) (*see* Dkt. 17, 21, and 22), the January 6 Capitol Riot has generated a massive amount of potentially discoverable data, including thousands of hours of video, and the government has worked diligently to produce this data to defendants, and continues to do so. Within the past several weeks, the government has made available a substantial amount of material through six voluminous discovery productions. Further, the government is preparing to produce additional material specific to the defendant's participation in the January 6 Capitol Riot, including U.S. Capitol CCTV and materials obtained from the defendant's Facebook. The undersigned has conferred with counsel for the defendant and understands that both counsel and

the defendant need additional time to review discovery.

As the four discovery status memoranda detail, the complicated process of developing and implementing systems for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such system will be workable for both the government and defense, has taken and will continue to take time. Moreover, the government has already produced and is preparing to produce substantial discovery in this case, including materials being provided across Capitol riot cases and materials specific to this case, and the defense needs time to review that discovery. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that courts have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).

The United States conferred with counsel for the defendant regarding this motion and counsel has indicated that he consents to this motion.

WHEREFORE, the government respectfully requests that this Court grant the motion to vacate the scheduled status hearing, grant a 90-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        DC Bar No. 415793

By:     /s/
        Kathryn E. Fifield
        Trial Attorney
        U.S. Department of Justice, Crim. Division
        Detailed to the D.C. U.S. Attorney's Office
        555 Fourth Street, N.W.
        Washington, DC 20530
        Kathryn.fifield@usdoj.gov
        (202) 320-0048