UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-337 |
| v. : | |
| : | |
| DERRICK EVANS : | |
| : | |
| Defendant. : | |

**UNITED STATES' MEMORANDUM**
**REGARDING STATUS OF DISCOVERY AS OF NOVEMBER 5, 2021**

The United States files this memorandum for the purpose of describing the status of implementation of our discovery plan in relation to voluminous sets of data that the government collected and continues to collect in its investigation of the Capitol Breach cases, among which may be interspersed information the defense may consider material or exculpatory. The materials upon which this memorandum is focused include, for example, thousands of hours of video footage from multiple sources (e.g., Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act ("SCA") accounts, digital media tips, Parler video, and news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement.

**Status of Production of Video Footage**

Since our last status memorandum filed on October 21, 2021, the following video footage has been shared to the defense instance of evidence.com and is accessible to any Capitol Breach defense counsel who requests a license from the Federal Public Defender ("FPD"):

- 142 files consisting of U.S. Secret Service (USSS) surveillance exterior camera footage from January 6, 2021.

- 4,204 files consisting of U.S. Capitol Police Closed Circuit Video ("USCP CCV") footage from 123 cameras.  The contents of footage shared includes video from the interior of the U.S. Capitol.
- 24 files consisting of approximately 4 hours of body-worn-camera ("BWC") footage recorded by 11 Fairfax County Police officers.  The footage begins on January 6, 2021, at 3:39 p.m. (and depicts the officers traveling to Washington, D.C.).  The footage from the Capitol begins at 5:18 p.m.
- 60 files consisting of approximately 37 hours of BWC footage recorded by 22 Montgomery County Police officers.  The footage begins on January 6, 2021, at 3:03 pm.

At this juncture, over 23,000 files consisting of USCP CCV, BWC and USSS surveillance footage have been made available to the defense instance of evidence.com

### Status of Defense Relativity Workspace

As we stated in our prior memorandum, the United States modified its contract with Deloitte Financial Advisory Services, LLP ("Deloitte") on October 13, 2021, to fund a Capitol Breach Relativity workspace and purchase licenses that will enable legal defense teams to gain access to the database.  FPD is now consulting with Deloitte concerning the construction and organization of the defense workspace and a structure for distributing Relativity licenses to defense counsel.  FPD will notify Capitol Breach defense counsel on how to obtain Relativity licenses once the defense workspace is constructed and organized and is ready to be populated with documents.

In furtherance of FPD's efforts to construct the defense Relativity environment, on Friday, November 5, 2021, we will produce to the defense workspace a sample production consisting of 844 files of varied formats that are representative of many of the items we intend to produce.  FPD and its vendor will use these files to create standard views, layouts, and coding panes to optimize defense attorney review of the voluminous documents we ultimately will provide.

## Status of Production of Documents

Since our last status memorandum filed on October 21, 2021, the following materials and a corresponding index have been made available for sharing with Capitol Breach defense counsel via USAfx:

- A camera map of the Capitol Grounds. The camera map is work product that was created at the request of the Discovery Team to assist the defense in viewing USCP CCV. All camera locations depicted are approximate.
- Ten aerial surveillance images received from the Metropolitan Police Department ("MPD").
- Six demonstration permits received from the USCP.
- A spreadsheet containing the filenames/titles, starting times, video length, and date of the USSS video. This spreadsheet is work product that was created by the Discovery Team to assist the defense in viewing USSS video.
- 30 digital audio files consisting of 30 hours of MPD radio transmissions (Special Operations Division ("SOD") channel), beginning on January 6, 2021, at 12:00 a.m. and ending January 7, 2021 at 6:00 a.m.
- A 673-page transcript of the MPD radio transmissions (SOD channel), and an index that associates the Bates number for each audio file with the relevant pages of the transcript.
- USCP after-action reports (176 pages, redacted).
- 159 documents largely consisting of Federal Bureau of Investigation reports of interview of law enforcement officers about their experiences on January 6, 2021, and accompanying exhibits (being produced on November 5, 2021).

## Contents of Government Relativity Database

As of our last filing, we stated that our Relativity database contained, *inter alia*, over 23,000 records from MPD. Using Relativity's deduplication tools, we were able to eliminate about 4,000 records as duplicates. We will continue to deduplicate materials that we collect in this investigation to make the database as efficient as possible.

## Incarcerated Defendants

As a preliminary matter, the Department of Corrections ("DOC") has significantly expanded its existing electronic evidence review program. Under that program, defense attorneys may request that clients be allowed to review voluminous or electronic evidence on a

3

laptop computer provided by the DOC. When a defense attorney sends electronic evidence (e.g., CDs, DVDs or USB flash drives) to the DOC's Litigation Support Unit, the receiving inmate is placed on a waitlist to review the discovery. When a laptop becomes available, the inmate may review the discovery for up to two weeks at a time, while housed in a single cell. If the inmate requires more than two weeks to review the evidence and there is a waitlist, the review will end and s/he will be added to the waitlist to re-enter the program for another two-week review period.

The DOC recently received fifteen new laptops to support its current program, bringing the total number of available laptops to twenty-three. Based on materials provided by the DOC, as of October 27, 2021, there were twenty-eight inmates on the waitlist. Accordingly, not later than November 24, 2021, every person who was on the list as of October 27 should have had an opportunity to review his or her discovery. (To be clear, the waitlist is not limited to January 6 defendants – it contains a mix of inmates from Superior Court and a variety of District Court cases.)

In addition to the DOC's current program, in collaboration with FPD and the DOC, we have developed multiple proposals to increase access by incarcerated defendants to discovery materials. The first proposal involves utilizing educational tablets that are already available for review of video footage shared by defense counsel through my.evidence.com. At this time, FPD and the government are engaged in technical discussions with American Prison Data Systems ("APDS") (the provider of the educational tablets) and Axon Enterprise, Inc. (the company that owns evidence.com), as to whether they can enable access to my.evidence.com on the tablets. APDS expects it will take at least several weeks (from November 4, 2021), to design a potential solution.

The second, independent proposal involves a pilot program in which the DOC would provide Internet connectivity and security to a room designated for discovery review in the Correctional Treatment Facility. Depending on the size of the room ultimately selected, it will

accommodate ten to fifteen new laptops on which inmates will be able to review documents produced from the defense Relativity workspace to a separate Relativity workspace accessible to inmates.[1]  Ideally, inmates will also be able to use Relativity to share notes about discovery materials with their attorneys.  This discovery room would be staffed by a contractor who possesses appropriate information technology skills and experience.  FPD and the government are collaborating with our respective vendors to develop an appropriate staffing solution.  We intend to meet with the DOC again next week.

## Substantial Completion of Discovery

Among the documents we plan to produce on a rolling basis between now and December 31, 2021 are:

- Those portions of the USCP CCV footage designated as "Security Information" pursuant to 2 U.S.C. § 1979 that do not relate to the evacuation of Congressional Members.
- The remainder of MPD BWC footage (largely consisting of footage outside the 1:00 to 6:00 p.m. timeframe), and BWC footage from Arlington County Police (124 files), and Virginia State Police (48 files);
- Video recordings made by officers of MPD's Electronic Surveillance Unit;
- Supplemental exhibits to USCP OPR reports;
- Additional MPD internal investigation reports;
- Virginia State Police and USSS radio transmissions;
- Legal process pertaining to the collection of geolocation data from electronic communications services providers;
- BWC Spreadsheet and zone maps (work product created to assist in review of BWC footage);
- Discoverable MPD, USCP and FBI records and memoranda currently in Relativity;
- Case-specific discovery of other defendants (i.e., discovery already produced to the defendant for whom it is directly relevant, but which will be made accessible to all defendants);
- Results of searches of devices and SCA accounts;
- Custodial statements of (other) defendants.
- Footage obtained from news media; and
- Grand jury transcripts and exhibits.

---

[1] Based on the combined previous experience of representatives of APDS, FPD and the Department of Justice, the educational tablets are not a feasible solution for document review.

By the end of January 2022, we intend to provide the discoverable portions of several hundred thousand FBI records (a substantial portion of which may not be directly related to any charged defendants). These materials that have been undergoing pre-processing to ensure, among other things, that any materials that might be subject to protection under Federal Rule of Criminal Procedure Rule 6(e) are segregated for processing internally. As many documents may not be discoverable or may be duplicative, neither the Court nor defense counsel should expect the size of the productions to the defense to mimic the size of the government's Relativity workspace. We are also currently concluding a concerted effort to consolidate scoped search results from devices and SCA accounts for ingestion by Deloitte.

By the end of January, we also intend to provide the defense an inventory of any materials that have not been loaded into either the evidence.com or Relativity workspaces to facilitate a defendant's ability to request any specific material s/he deems potentially relevant. We invite defense counsel to make specific requests as soon as possible, so that we may consider such requests in prioritizing our order of production. At that point the defense will either have or have access to the vast majority of potentially relevant materials in our possession. Given the scope of the existing investigation and its on-going nature, we expect that we will continue to obtain materials, which we will produce expeditiously.

## Conclusion

In sum, we have made substantial progress in our effort to provide the defense comparable discovery review platforms for both documents and digital media, to populate those platforms, and to use alternative means to provide the most relevant discovery without delay. We will diligently continue to transfer data to our vendors, process it for production, and make

interim productions by other means until the defense platforms are in place. As we continue to implement our plan, we will continue to file status memoranda with the Court on a regular basis.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    /s/ *Emily A. Miller*
EMILY A. MILLER
Capitol Breach Discovery Coordinator
DC Bar No. 462077
555 Fourth Street, N.W., Room 5826
Washington, DC 20530
Emily.Miller2@usdoj.gov
(202) 252-6988

By:  /s/ *Kathryn E. Fifield*
Kathryn E. Fifield
Trial Attorney
Detailed to the U.S. Attorney's Office
555 4th St. NW
Washington, D.C. 20530
Kathryn.fifield@usdoj.gov
202-320-0048 (cell)