IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

vs.

DOCKET NO.: 0090 1:21CR00337-001

DERRICK EVANS,
    Defendant.

## SENTENCING MEMORANDUM OF DEFENDANT DERRICK EVANS

NOW COMES the Defendant, by and through counsel, Paul G. Taylor, and respectfully submits the following as the Sentencing Memorandum of the Defendant in the above-captioned criminal matter.

Pursuant to the ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) the United States Sentencing Guidelines (USSG) are "effectively advisory" in all cases. Accordingly, a district court must now consider guideline ranges but may also "tailor the sentencing in light of other statutory concerns as well." Id.

Those other statutory concerns are set forth in 18 U.S.C. §3553:

> (a) Factors to be considered in imposing a sentence.– The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (c) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guideline...
>
> (5) any pertinent policy statement...
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

I.  **Nature and Circumstances of the Offense:**

The nature and circumstances of the offense are set forth in the Statement of Offense (Doc. 37) and on page 6 of the Presentence Investigation Report (PSI) (Doc. 41) and include the following operative facts:

A. Mr. Evans stands convicted of Count One of the Second Superseding Indictment, to-wit: Civil Disorder in violation of 18 USC §231(a)(3), a Class D Felony. The statutory penalty for this offense is a maximum of five (5) years imprisonment, a three year term of supervised release, a fine of $250,000.00, or twice the pecuniary gain or loss, a $100 special assessment, and an obligation to pay any applicable interest on penalties or fines and restitution not timely made.

B. It was alleged, and Mr. Evans acknowledged, that he was present at the U.S. Capitol on January 6, 2021, when a large crowd forced its way into the Capitol Building without authorization.

C. While *"observing...and following the crowd"*, Mr. Evans video recorded events which took place in his presence, including his brief (ten minute) unauthorized entry into the building. (Emphasis added) See paragraphs 30, 32-34 of the PSI. (Doc. 41)

D. The *"purpose"* of Mr. Evans' presence was to *"protest"* the certification of the Electoral College's vote count of the 2020 Presidential Election. (Emphasis added) See paragraphs 24 and 25 of the PSI. (Doc. 41).

E. At the risk of appearing to minimize the fact that Mr. Evans' unauthorized

entry into the Capitol building under the circumstances was a criminal offense, and some of the crowd's behavior a shocking affront to the democratic process, some aspects of Mr. Evans' video recording of events in his vicinity are noteworthy: a) Evans didn't engage in violence nor vandalism.  Further, he is heard repeatedly urging others not to engage in violence and not to damage property;  b) the video in all likelihood aided the government in identifying and apprehending persons bent on mischief; (c) the video suggests a person with legitimate intentions caught up in the crowd and the moment; d) the video is also noteworthy in that it suggests a certain naivete.  That is to say it suggests a lack of experience, wisdom or judgment, rather than primarily criminal intent.  If Mr. Evans' true "purpose" was not to "protest" but to riot, cause injury and property damage, he probably wouldn't have live-streamed the event because it would have exposed him to criminal prosecution.  This is not to diminish the event and Evans' admitted role in that event, but rather to put that personal role in the larger context of the event as a whole.

F.  At his change of plea hearing on March 22, 2022, the Defendant admitted to the Statement of Offense (Doc. 37) and acknowledged participating in the January 6, 2021 Capitol Riot.

## II.     History and Characteristics of the Defendant:

A. Derrick Evans was born April 2, 1985 in Huntington, West Virginia.  He is thirty-seven (37) years old.

B.  Mr. Evans maintains a very close relationship with his elderly maternal grandparents.  They rely heavily on Mr. Evans for his support.

C.  Mr. Evans has been happily married since May 25, 2014.  He and his wife, Melissa, have four (4) children together, all under the ages of seven (7) years old.  Mr. Evans is the primary caregiver of the children as Mrs. Evans is a registered nurse and works long hours.  The couple own their home.

D.  Mr. Evans is in good physical and mental health.  He does not have a substance abuse problem.

E.  He is a high school and college graduate.  Currently self employed, Mr. Evans has previously worked as an educator and sports coach.

F.  Mr. Evans has cooperated with the government and complied with all conditions of his pretrial release.

G. But for this matter before the court, Mr. Evans has never been charged with any crime.

Contemporaneous with this filing, Defendant is filing several letters of support from various relatives, friends and community members. Upon review of these letters, several consistent themes emerge. By multiple accounts, Derrick Evans is a church going family man. He gives back to his community. He is giving of his time and energy. He is a problem solver, not a problem causer.

### III.  Need For the Sentence Imposed

18 U.S.C. §3553 (a)(2) sets forth several factors for the court's consideration of the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment.

(B), (C) To afford adequate deterrence to criminal conduct / protect the public from further crimes of the defendant.

(3) the kinds of sentences available;

(4)(A) the kinds of sentences and the sentencing range established for the applicable categories of offenses and defendant as set forth in the guideline.

(6) the need to avoid unwarranted sentence disparities among defendants w/ similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution.

### ARGUMENT

The sentence called for by 18 USC provides for a maximum term of imprisonment of five (5) years, a $250,000.00 fine and three (3) years supervised release.

The sentence called for under the USSG is as follows: as reflected in paragraphs 39 - 41 of the PSI (Doc. 41) the Defendant's total offense level is Level 8 taking into consideration a two level reduction for acceptance of responsibility.

Because the applicable guideline range is in Zone A of the Sentencing Table, a sentence of

imprisonment does not appear to be required. The Court has a number of options available in lieu of confinement such as probation, supervised release, restitution (to which Defendant has agreed) a fine and/or home detention, none of which are required. See paragraphs 104, 109, 110, 114, 116 and 118 of the PSI (Doc. 41)

To be sure, the January 6, 2021 Capitol Riot was a disturbing and violent moment in American History. At the same time, it was an example of democracy (albeit dysfunctional) in action: some citizens exercising their First Amendment right ..."<u>peaceably</u> to assemble, and to petition the Government for a redress of grievances." (Emphasis added). Students of American History know this constitutional provision was a result of the revolution which gave birth to our nation.[1] Unfortunately, the peaceful protest became violent and this turned it into a criminal event under our law.

While the overall offense was serious, Defendant's personal role in that offense, i.e. his presence added to the interference of law enforcement during a civil disorder, was non-violent and, to an extent, minimal. That is to say, he didn't touch anyone and he didn't damage government property. Further, he discouraged others from engaging in such actions. He was courteous to law enforcement officers, even though he broke the law in entering a restricted area as part of the crowd.

The need for promoting respect for the law and deterrence from breaking the law has been honored by Defendant his entire life - he's never been charged with a crime. This event is an aberration in his otherwise exemplary life.  There is no reason to believe as he approaches middle age that he will begin committing crimes.

---

[1] "I hold it that a little rebellion now and then is a good thing, and as necessary in the political world as storms are in the physical. Unsuccessful rebellions, indeed, generally establish the encroachments on the rights of the people, which have produced them. An observation of this truth should render honest republican governors so mild in their punishment of rebellions, as not to discourage them too much. It is medicine necessary for the sound health of government." Thomas Jefferson

The court has a quiver full of arrows available to aim at the target of justice ranging from confinement to restitution.

In support of his request to end the matter with restitution, or at worst probation, Defendant points out to the court that this prosecution has been a humbling experience to him. He's lost his gun rights.[2] He stands before the court as a convicted felon which resulted in him resigning his newly elected position as a West Virginia State legislator. In his life, the worst thing that could happen to Derrick Evans would be to be taken from the family he supports and who need him, even for a short time.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendant prays the Court impose a sentence of restitution and probation.

Should the Court determine that incarceration is necessary, Defendant prays he be permitted to self-report to a facility as hear his home in Pritchard, West Virginia, as possible.

Respectfully submitted,

Derrick Evans
By counsel

Paul G. Taylor, Esq.
U.S. District Court for the District of Columbia Bar No. WV0005
134 West Burke Street
Martinsburg, WV  25401
(304) 263-7900
(304) 263-5545 (fax)
taylorpaulg@aol.com

---

[2] As a son of Texas, this court may appreciate the importance to rural folks of supplementing their diet with wild game and, perhaps more importantly, bonding with and bringing up their children in this time honored tradition. This is lost now for Derrick Evans.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
          Plaintiff

v.                                    DOCKET NO.: 0090 1:21CR00337-001

DERRICK EVANS,
          Defendant

## CERTIFICATE OF SERVICE

I, Paul G. Taylor, counsel for Defendant, do hereby certify that a true copy of the foregoing **SENTENCING MEMORANDUM OF DEFENDANT DERRICK EVANS** has been served upon the following named counsel of record, by e-file, this 14th day of June, 2022.

Kathryn E. Fifield, Esq.
Assistant U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530

                                                  /s/ Paul G. Taylor
                                                  Paul G. Taylor